IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY W. STEELE, | ) | |
|      Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-360-K |
| | ) | |
| ABE PARTINGTON AND THE | ) | |
| WAXAHACHIE POLICE DEPT., | ) | |
|      Defendants. | ) | |

FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.  **Background**

Plaintiff filed a motion to reopen this closed case. (ECF No. 17.) For the foregoing reasons, the Court recommends that the district court grant Plaintiff's motion to reopen and that service be issued as to Defendant Abe Partington.

On February 2, 2016, Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He claimed that on November 4, 2015, Officer Partington unlawfully arrested him and wrote a false police report to charge him with possession of a controlled substance. At the time Plaintiff filed his complaint, the criminal charges were pending. On June 7, 2017, the district court dismissed the complaint under the *Younger* abstention doctrine, which holds that a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances

and on a clear showing of both great and immediate harm.  *See Younger v. Harris*, 401 U.S. 37,

43–45 (1971)*; Burgett v. State of Texas*, No. 7:04–CV–227–R, 2005 WL 473680, at *1

(N.D.Tex. Feb. 28, 2005) (collecting cases).

On October 26, 2017, Plaintiff filed the instant motion to reopen.  He states the *Younger*

abstention doctrine no longer applies because the criminal charges have been dismissed.

## II.    Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A

complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).

<u>**III.**</u>     <u>**Discussion**</u>

**1.      Abstention**

The *Younger* abstention doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712,716 (5th Cir.2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

Here, the criminal charges are no longer pending and have been dismissed.  The Court therefore finds the *Younger* abstention doctrine no longer applies and that the case should be reopened.

**2.      Non-Jural Entity**

Plaintiff names the Waxahachie Police Department as a Defendant.  This Defendant is a non-jural entity and cannot be sued under § 1983.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (city police department).  Governmental offices and departments do not have a separate legal existence.  *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's

Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). This Defendant should therefore be dismissed.

3.      **Officer Abe Partington**

Plaintiff claims Officer Abe Partington unlawfully arrested him and wrote a false police report to charge him with possession of a controlled substance. The record shows Plaintiff was charged with possession of more than one gram and less than four grams of methamphetamine in Ellis County, cause number 40850-CR. (ECF No. 19 at 2.) These charges were later dismissed. Taking Plaintiff's claims as true, the Court is unable to determine that this claim is frivolous. The Court finds that Plaintiff's claims against Defendant Abe Partington should proceed and process should be issued as to this Defendant.

**IV.**     **Recommendation**

The Court recommends that: (1) the case be reopened; (2) Defendant Waxahachie Police Department be dismissed; and (3) the claims against Abe Partington should proceed and process should be issued as to this Defendant.

Signed this 27th day of November, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).