IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY STEELE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:16-cv-360-K-BT |
| | § | |
| ABE PARTINGTON, *et al,* | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Abe Partington's Motion to Dismiss, *or in the alternative,* Motion for Summary Judgment (ECF No. 33). For the reasons stated, the District Court should GRANT Defendant's Motion.

## Background[1]

Plaintiff Tommy Steele, a Texas prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Officer Abe Partington of the Waxahachie, Texas police department, based on events surrounding Plaintiff's arrest on November 4, 2015. According to a police report, Defendant was monitoring a known drug-house in Waxahachie when he saw a white SUV leave the residence. Def.'s App. 18, ECF No. 35. Defendant and another Waxahachie

---

[1] Because this case is the subject of two prior opinions, *see Steele v. Partington,* 2017 WL 6406629 (N.D. Tex. Dec. 14, 2017) and *Steele v. Partington,* 2016 WL 3211772 (N.D. Tex. May 11, 2016), only the background facts and procedural history necessary to understand the present decision will be recounted here.

police officer, Officer Borjas, followed the SUV. *Id.* Eventually, the SUV failed to make a proper, legal stop at a stop sign, and the officers pulled over the SUV. Def.'s Br. 4 ¶ 9, ECF No. 34; Def.'s App. 18, ECF No. 35.

As the officers approached the SUV, Defendant observed Plaintiff sitting in the back seat next to the open right-rear window. Def's Br. 4 ¶ 10; Def.'s App. 18. The other two occupants of the SUV were the driver, Jesse Davis ("Davis"), and front seat passenger, Dustin Brannon ("Brannon"). *Id.* Davis informed Defendant there was a water bong in the SUV and gave Defendant consent to search the SUV. Def.'s Br. 4 ¶ 11; Def.'s App. 19. Defendant's search yielded the water bong; a glass pipe with a visible amount of crystal methamphetamine inside the pipe; an empty narcotics baggie; and a black case containing empty syringes, a digital scale, three spoons used to inject narcotics, a scooper, and three baggies containing crystal methamphetamine. Def.'s Br. 4-5 ¶ 12; Def.'s App. 19. Brannon immediately admitted that the black case and its contents belonged to him. Def.'s Br. 5 ¶ 13; Def.'s App. 19. No one claimed the glass pipe. *Id.*

Brannon and Davis each informed the officers that Plaintiff may have recently made a drug purchase, and that Plaintiff threw something out of the SUV's right-rear window—the same window Defendant observed was rolled-down. Def.'s Br. 5 ¶ 14; Def.'s App. 20. Davis led Defendant on foot to the location where Davis believed Plaintiff discarded an object, and the Defendant found a brown eyeglasses case in the grass. Def.'s Br. 5 ¶ 14; Def.'s App. 20. Inside the brown case, Defendant found two baggies containing 4.9 grams of crystal

methamphetamine. *Id.* Plaintiff claims that Brannon threw out the brown case. Def.'s Br. 5 ¶ 15; Def.'s App. 20. Defendant searched Plaintiff and found $252.24 in cash. Def.'s App. 19. The Ellis County Sheriff's Office Narcotic Task Force instructed Defendant to confiscate the cash because Plaintiff sold methamphetamine to a confidential informant earlier in the night, and that money might have been used to purchase the methamphetamine. Def.'s Br. 5 n.2; Def.'s App. 21. Because the brown case was found on the side of the highway where Brannon and Plaintiff were seated, Defendant found probable cause to arrest both men for possession of methamphetamine. Def.'s Br. 6 ¶ 15; Def.'s App. 21. Defendant also found probable cause to charge all three occupants of the SUV with possession of drug paraphernalia. *Id.*

Plaintiff later accepted a plea bargain in which he pleaded "no contest" to two controlled substance charges and was adjudicated guilty and sentenced to time served, and the drug paraphernalia charge was dropped. Answers to Magistrate Judge Questionnaire (hereafter, "MJQ") (ECF No. 20); Def.'s App. 31, ECF No. 35; Pl.'s Attach. 4-5, ECF No. 17.

By this lawsuit, Plaintiff asserts claims for false arrest, false imprisonment, and perjury in a false police report. Compl. 3, 4, ECF No. 2. Plaintiff disputes Defendant's location the night of November 4, 2015. *Id.* at 2. Plaintiff also claims that Brannon and Davis gave conflicting descriptions of the color of the eyeglasses case. *Id.* at 3. Plaintiff takes issues with being charged with drug paraphernalia because the items were found near the front seat of the car. *Id.*

Plaintiff points to a motion *in limine* filed in state court regarding any Waxahachie Police Department disciplinary report or matters regarding Defendant's conduct. Pl.'s Attach. 3, ECF No. 17. Finally, Plaintiff states that the $252.24 confiscated from him was returned by an officer five days after his arrest because it was not used in a drug related incident. Pl.'s Resp. 1, ECF No. 39.

This case was previously dismissed without prejudice in June of 2016, pursuant to the *Younger* abstention doctrine. *See* Judgment, ECF No. 11. On October 26, 2017, Plaintiff moved to reopen this case against Defendant and the Waxahachie Police Department on the ground that the *Younger* abstention doctrine no longer applied because his criminal case was dismissed. The District Court ordered the case reopened on December 14, 2017, and dismissed the Waxahachie Police Department. *See* Judgment, ECF No. 22.

On February 1, 2018, Defendant filed the pending motion for dismissal under Rule 12(b)(6), or alternatively, under Rule 56. Plaintiff filed two documents as his response on February 13, 2018 (ECF Nos. 38, 39), and Defendant filed a reply on February 15, 2018 (ECF No. 40). Without seeking leave of Court, Plaintiff filed a sur-reply on February 27, 2018 (ECF No. 41). Accordingly, the motion has been fully briefed and is ripe for consideration.

## Legal Standards and Analysis

### Rule 12(b)(6)

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to

the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

## Rule 56(a)

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, the court must grant summary judgment in favor of the movant. *Celotex*, 477 U.S. at 322-23.

Plaintiff accuses Defendant of false arrest, false imprisonment, and falsifying a police report. Compl. 3, ECF No. 2. Plaintiff complains that his constitutional rights were violated in regards to his dismissed drug paraphernalia case. Compl. 3, ECF No. 2; MJQ 2, ECF No. 20. The order of dismissal in state court dismissing Plaintiff's drug paraphernalia case states that the charge was dismissed because Plaintiff was convicted in his two controlled substance cases. MJQ 2, ECF No. 20; Def.'s App. 31, ECF No. 35; Pl.'s Attach. 4-5, ECF No. 17. More specifically, Plaintiff pleaded no-contest to and was convicted of two

possession of controlled substances charges, sentenced to time served, and the charge of possession of drug paraphernalia was dismissed against him. *Id.*

Defendant moves to dismiss all of Plaintiff's claims on the ground that *Heck v. Humphrey* precludes Plaintiff's claims. The Court agrees. In *Heck,* the Supreme Court held that a "§ 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence is invalidated." 512 U.S. 477, 489-490 (1994). However, if the civil suit "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* at 487. In other words, if a successful § 1983 action would necessarily imply the invalidity of Plaintiff's conviction or sentence, the complaint must be dismissed, unless Plaintiff shows that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-487.

The Fifth Circuit has found that a false arrest claim implicates a criminal prosecution where the conviction is based on evidence discovered during the arrest. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). In *Wells,* plaintiff brought a false arrest claim challenging his arrest because he was convicted of only one of the two charges for which he was arrested. The Fifth Circuit held that in the event of a conviction for a related offense, "*Heck* dictates that [plaintiff's] claim for false arrest is not

cognizable in the absence of the invalidation of his conviction for resisting a search, which, as we have noted, has not occurred." *Wells,* 45 F.3d at 95. Similarly, the Fifth Circuit has found that claims of false imprisonment and perjury directly implicate the validity of a plaintiff's conviction and confinement. *See Perry v. Holmes,* 152 F. App'x 404, 406 (5th Cir. 2005) (finding that false imprisonment claims are barred by *Heck*); *Shaw v. Harris,* 116 F. App'x 499, 500 (5th Cir. 2004) (finding that claims of perjury and false affidavits would necessarily imply that plaintiff's conviction was invalid, and therefore, barred by *Heck*). Here, Plaintiff has not alleged—much less submitted evidence—that his conviction and sentence have been invalidated. Accordingly, all of Plaintiff's claims against the Defendant are barred by *Heck.*

It is not entirely clear what relief Plaintiff seeks from the Court. Plaintiff asks to "bring a civil rights lawsuit against [Defendant]." Compl. 4, ECF No. 2. To the extent Plaintiff intends to seek monetary damages from Defendant, he is barred from doing so by the *Heck* doctrine. Plaintiff also asks for a copy of "the dashcam video, the G.P.S. tracking system from the squad car [Defendant was] in on the night of 11/4/15," and finally, "to subpoena Officer Borjas as well." *Id.* at 5. These requests are in the nature of a discovery request and do not state a separate claim for relief. To the extent Plaintiff seeks release from confinement, such relief is not available under 42 U.S.C. § 1983. Rather, such a request is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, et seq. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820

(5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). If Plaintiff is seeking expungement, he is also barred from doing so. Expungement is not the type of relief available under § 1983, because there is no constitutional or general statutory right to expungement of executive branch records. *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997). Even if available in a § 1983 action, lower federal courts may not order the expungement of state convictions or public records absent some "special circumstance." *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978), *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Plaintiff has alleged no special circumstance that would warrant a federal court ordering the expungement of his state record.

## Recommendation

For the reasons stated, the District Court should GRANT Defendant Abe Parington's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 33). The District Court should dismiss Plaintiff's Complaint (ECF No. 2) with prejudice until such time as Plaintiff can satisfy the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**SO RECOMMENDED**.

August 13, 2018.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).